# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2223 | **DATE** | August 17, 2011 |
| **CASE TITLE** | Nathaniel Todd (#2009-0013567) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions [36, 37] are granted to the extent that they serve as his response to Defendants' motion to dismiss. Defendants' motion to dismiss [29] is denied. The court directs them to file an Answer or otherwise plead to the amended complaint within 30 day s of the date of this order. The clerk shall issue alias summonses for service by the U.S. Marshal of the amended complaint [11] on Salvador Godinez and Superintendent Thomas.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Nathaniel Todd, a pretrial detainee at the Cook County Jail, filed this 42 U.S.C. § 1983 action against Sheriff Tom Dart, former Executive Director Salvador Godinez, and Superintendents Salazar, Martinez, and Thomas. Plaintiff alleges that inmates in Division 10 are allowed to burn milk cartons and other items in order to cook food, make hair brushes, and brew alcohol. He states that the smoke aggravates his asthma, such that he cannot breathe. He contends that the Defendants know about such fires, but they refuse to prevent them.

    Defendants Dart, Salazar, and Martinez have been served. Superintendent Thomas has not been served and the record indicates that Salvador Godinez has been served, but no attorney has entered an appearance on his behalf. Accordingly, the clerk is directed to issue alias summonses for Thomas and Godinez, and the Marshal shall again attempt to serve these Defendants. Counsel for Dart, Salazar, and Martinez may simply enter an appearance for Godinez and Thomas; however, if unable to do so, he is directed to provide Plaintiff with the full names and identifying information for these Defendants so that he may provide such information to the Marshal.

    Currently pending before this court is a motion to dismiss filed by Defendants Dart, Salazar, and Martinez ("Defendants"). Defendants contend that Plaintiff's allegation that he was exposed to smoke from the burning of milk cartons and other items does not state a sufficiently serious condition that rises to the level of unconstitutional. They further argue that Plaintiff does not allege that the Defendants knew of the fires or that they were personally involved and that Plaintiff's contention that his grievances were ignored does not state a claim given that there is no due process right to a grievance system. (Doc. #29, Defs' Motion to Dismiss.)

    When reviewing a motion to dismiss, this court considers all well pleaded allegations to be true, as well as any inferences reasonably drawn therefrom. Although a complaint need only provide enough information to sufficiently give notice of the claim being alleged and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and mere labels and legal conclusions are insufficient. *Bell Atlantic*, 550 U.S. at 555. Additionally, if a plaintiff pleads facts demonstrating that the complaint or a particular claim is without merit, a court may dismiss the complaint or the claim. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**(CONTINUED)**

     isk

# STATEMENT

Contrary to the Defendants' contentions, Plaintiff alleges claims against the Defendants in both their individual and official capacities. To establish a claim against them in their individual capacities, Plaintiff must be able to show (1) that his condition was "objectively, sufficiently serious" and (2) that the "prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509-10 (7th Cir. 2008). Asthma is a serious medical condition. *Id.* at 510. The Seventh Circuit has held that cigarette smoke that aggravates an inmate's asthma condition is a sufficiently serious condition. *Id.*; *see also Powers v. Snyder*, 484 F.3d 929, 932-33 (7th Cir. 2007) ("[a] prison is not required to provide a completely smoke-free environment, except for prisoners who have asthma or some other serious respiratory condition that even a low level of ambient smoke would aggravate"). Given such decisions from the Seventh Circuit, this Court cannot find as a matter of law that the thick smoke from the burning of milk cartons and other items, particularly for an inmate with asthma, is not a sufficiently serious condition.

Plaintiff's allegations that he submitted numerous grievances and letters to them, (*see* Doc. #11, Amended Compl. at 5-6), sufficiently alleges their personal involvement. A prison official can be liable under 42 U.S.C. § 1983 for failing to prevent or remedy a constitutional violation, and a lack of response to a grievance may establish that the official was aware of a violation but failed to act. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir.1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995). Plaintiff's amended complaint sufficiently alleges individual capacity claims against Defendants.

With respect to Plaintiff's official capacity claims, his contentions that inmates burned milk cartons and other items on a regular basis and that jail officials repeatedly, and somewhat surprisingly, ignored such fires state a custom of allowing inmates set fires in their cells. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Plaintiff may proceed with his claims against Defendants in their official capacities.

Lastly, although Defendants read Plaintiff's amended complaint as also seeking damages for his grievances being denied, the Court does not see such a claim. Plaintiff's contentions about submitting grievances appear simply to establish that the Defendants were notified about the situation. (Doc. #11 at 4-5.) It does not appear that Plaintiff seeks to allege a separate claim that his grievances were either ignored or denied. Defendants are correct, however, that a claim of that jail officers denied or refused to hear a grievance, by itself, does not state a cognizable § 1983 claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). To the extent this claim exists is asserted in the amended complaint, it is dismissed.

Accordingly, for the reasons stated above, Defendants' motion to dismiss is denied. Plaintiff may proceed with both his individual and official capacity claims that Defendants allowed inmates to burn milk cartons and other items, knowing that the smoke aggravated Plaintiff's asthma. Although the Court does not read Plaintiff's amended complaint as also seeking damages for ineffectiveness of the jail's grievance system, to the extent such claims are alleged, they are dismissed. Defendants shall answer the complaint or otherwise respond within 30 days of the date of this order. Alias summonses shall issue for service of the amended complaint on Salvador Godinez and Superintendent Thomas. If counsel for Defendants is not able to enter an appearance for Salvador Godinez and Thomas, he should forward information about their full names, badge umbers, and/or locations to Plaintiff so that he may inform the Marshal.