# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2223 | **DATE** | January 10, 2012 |
| **CASE TITLE** | Nathaniel Todd (R-12865) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Third Amended Complaint [58] is dismissed without prejudice. The Second Amended Complaint remains the operative complaint. Plaintiff's motions for the appointment of counsel [52, 59] are denied without prejudice. His motions to state municipal liability and constitutional violations [61, 64] are also denied. If Plaintiff desires to file another amended complaint, he may request an amended complaint form, if one is not available to him at his facility and then seek leave to file as outlined in this order.

■ [For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Nathaniel Todd, an inmate at the Lawrence Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart, former Cook County Jail Executive Director Salvador Godinez, and Superintendents Salazar, Martinez, and Thomas. Plaintiff alleges that inmates in Division 10 at the Cook County Jail where he was previously incarcerated were allowed to burn milk cartons and other items to cook food, make hair brushes, and brew alcohol. He states that the smoke aggravated his asthma, making it difficult for him to breathe. The Defendants allegedly knew about the fires, as well as Plaintiff's asthma, but refused to prevent the burning of milk cartons.

On August 17, 2011, the court denied a motion to dismiss by Defendants, finding that Plaintiff had sufficiently stated claims against the Defendants in both their individual and official capacities. The Defendants have since answered Plaintiff's Second Amended Complaint.

Currently before the court are Plaintiff's Third Amended Complaint, two motions for the appointment of counsel, and two motions seeking to allege municipal liability and additional constitutional claims.

The Third Amended Complaint, apart from not being on the court's form and being barely legible, seeks to include additional Defendants (though Plaintiff does not specify his grounds against each Defendant). It also seeks to include additional claims, several of which appear unrelated the claims in Plaintiff's prior complaints. Accordingly, the Third Amended Complaint is dismissed without prejudice. Any claims Plaintiff seeks to add must be related to the claims he raised in his Second Amended Complaint. *See George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007); Fed. R. Civ. P. 15(a)(2). To the extent Plaintiff wishes to file an additional amended complaint, he may request an amended complaint form, if one is not available to him at his facility. He must then file the proposed amended complaint along with a motion seeking leave to file it.

Plaintiff is advised that an amended complaint, in addition to having to clearly state claims against each named Defendant, replaces prior complaints. If accepted, the court will not look to prior complaints, but only the last amended complaint to determine Plaintiff's claims and the Defendants of this case. The amended complaint must thus include all the claims he seeks to bring and name all the Defendants he seeks to sue.

**(CONTINUED)**

isk

## STATEMENT

Plaintiff's motion discussing municipal liability does not state what relief he seeks from this court. The court notes that it has allowed Plaintiff to proceed with his official capacity claims against the current Defendants, which should suffice for claims against the Sheriff's Office. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Nevertheless, if Plaintiff feels the need to further clarify his official capacity claims, he may do so if he files another amended complaint. The motion discussing municipal liability is thus denied.

Similarly, the motion of discovery of new constitutional claims, wherein Plaintiff discusses deliberate indifference to his serious medical needs at the Cook County Jail is denied. The motion does not state what relief is sought and, should Plaintiff seek to raise additional claims, they must be presented in an amended complaint.

Plaintiff's motions for the appointment of counsel are also denied. At the current time, the case does not involve complex issues of discovery or an evidentiary hearing, and Plaintiff appears competent to represent himself, though his current pleadings are not entirely legible and unorganized. The court may reconsider appointing counsel at a later time if necessary. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).